IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS C. RIOJAS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL |
| KLEBERG COUNTY, TEXAS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Thomas C. Riojas (hereinafter "Plaintiff"), filing this his *Plaintiff's Original Complaint*, complaining of Kleberg County, Texas (hereinafter "Defendant"). In support of same, Plaintiff would show unto this Honorable Court as follows:

## I.
## PARTIES

1.  Plaintiff is a male citizen of the United States and a Texas resident, residing in Kleberg County, Texas.

2.  Defendant, Kleberg County, Texas, is a political subdivision of the State of Texas, and process can be served upon Kleberg County Judge Rudy Madrid, at 700 East Kleberg Avenue, Kingsville, Texas, 78363. Defendant, at all relevant times hereto, was an employer as defined by and within the meaning of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), codified at 42 U.S.C. §12101, the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §2611 *et seq*., and is engaged in interstate commerce while employing more than fifteen (15) persons.

## II.
## JURISDICTION AND VENUE

3.  Plaintiff brings this action for compensation and other relief for violations under the FMLA

and the ADA.

4. Plaintiff timely filed a Notice of Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), case number 36B-2018-00041.

5. On April 30, 2018, Plaintiff received a *Dismissal and Notice of Rights* from the EEOC.

6. Plaintiff has therefore complied with all conditions precedent and exhausted all administrative remedies prior to filing suit. Plaintiff now timely files this, his *Plaintiff's Original Complaint*, within ninety (90) days of receiving his *Dismissal and Notice of Rights*.

7. Jurisdiction is invoked pursuant to 28 U.S.C. §1331, as the causes of action involve a federal question.

8. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claims herein occurred in said District.

## III.
## FACTS

9. Plaintiff first worked for Kleberg County's Parks and Recreation department beginning in 1991, and was employed until he retired in August 2013.

10. On or about July of 2015, Plaintiff was re-hired by Kleburg County's Maintenance Director, Jorge Salazar on a part-time basis. On or about January of 2016, Plaintiff was promoted to a full-time position in the maintenance department. Plaintiff was also given a pay increase.

11. Plaintiff is diagnosed with arthritis and because of his arthritis, he had to have a full knee replacement on his left knee in 2013.

12. Toward the end of 2016, Plaintiff's right knee began severely hurting. He immediately informed Salazar about his arthritis flare-up and explained that due to his arthritis, he believed his right knee may be deteorating as his left one had years earlier.

13. For a few months Plaintiff lived with the pain, but on or about April of 2018, Plaintiff was climbing a ladder to change a light fixture in the courthouse's main hall and as he came down the ladder, Plaintiff's right knee loudly popped and began to swell immediately. In fact, Plaintiff's knee became so swollen within minutes that he had to cut his pants off.

14. Plaintiff immediately reported his injury to Salazar, as well as the County Judge, explaining that he believed he would soon need surgery.

15. About the same time Plaintiff visited his doctor for his aggravated knee. At the visit, Plaintiff was given a steroid shot and scheduled for surgery for a right knee replacement.

16. Unfortunately, just before Plaintiff's surgery was to take place, he learned the hospital he was scheduled for surgery at was out-of-network with his health insurance, so he was forced to reschedule his surgery at a different hospital.

17. On or about July 25, 2017, Plaintiff was installing a toilet at the Kleberg County Community Supervision and Corrections Department and, again, his right knee loudly popped. After that incident, Plaintiff could not walk without a walker so he was forced to miss work for a few days in order to recover. As such, Plaintiff informed Salazar that he would be needing to take FMLA leave because he could not walk.

18. About a week later, after visiting his doctor who completed Plaintiff's FMLA leave request, Plaintiff returned to work to turn-in his FMLA paperwork and inform the County of his new surgery date. Upon his return to work, on or about August 1, 2018, Plaintiff learned from Claudia Moreno that he had been fired one day earlier without notice.

## IV.
## COUNT I:
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

19. Plaintiff alleges Defendant's unlawful actions in taking adverse actions against Plaintiff

for requesting leave for his own serious health condition, that made Plaintiff unable to perform the essential functions of his job, violates the Family and Medical Leave Act, justifying an award, *inter alia*, of back pay, front pay, interest, benefits, special damages, expenses, compensatory damages, liquidated damages, and punitive damages against Defendant.

## V.
## COUNT II:
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990

20. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that Defendant maintains a pattern and practice of discriminating against disabled Americans, such as Plaintiff, in its employment practices. More specifically, Defendant, through its acts and omissions, unjustifiably terminated Plaintiff because he suffers from a disability, thereby resulting in the disparate treatment of Plaintiff.

21. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he suffers from a physical impairment that substantially limits one or more major life activities.

22. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he was hired by Defendant and, *ipso facto*, was qualified for the position of maintenance worker based upon the requisite skill, experience, education and other job-related requirements for the position, as shown by the actions of Defendant.

23. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that he can perform the essential functions of his job. Moreover, Plaintiff pleads that Defendant knew an accommodation was necessary, was available and had previously been provided Plaintiff, yet Defendant failed to continue to provide said accommodation.

24. By and through his *Plaintiff's Original Complaint*, Plaintiff pleads that his disability was the sole and/or another improper reason for Defendant's decision to terminate her employment,

resulting in its disparate treatment of Plaintiff.

25. Further, and in the alternative, Plaintiff pleads that he suffers from a physical impairment that is substantially limiting only because of the attitudes of others, including Defendant, toward the impairment.

26. Further, and in the alternative, Plaintiff pleads that he may not suffer from an impairment that limits a major life activity at all, but is "regarded as" suffering from a substantially limiting impairment, as that term of art is defined by the ADA.

27. Further, and in the alternative, Plaintiff pleads that Defendant utilized qualification standards, employment tests or other selection criteria, that serve to screen out or tend to screen out an individual with a disability or a class of individuals with disabilities and that said standards, tests, and other selection criteria are inconsistent with business necessity. The aforementioned discriminatory labor and employment law practices result in a disparate impact upon Plaintiff and similarly situated individuals, *in genere*.

## VI.
## COUNT III:
## VIOLATIONS OF THE ADEA

28. By and through his Original Complaint, Plaintiff pleads that Defendant maintains a pattern and practice of discriminating against persons over forty years of age, including Plaintiff, in their hiring, placement and promotion practices. More specifically, Plaintiff pleads that he was demoted and replaced by a younger employee, under forty, who had less time with the company and less experience in the position.

29. As a consequence thereof, Defendant denied Plaintiff equal employment opportunities in that, as a direct and proximate result of the discriminatory practices propagated by Defendant, Defendant treated Plaintiff, a person over forty years of age, in a disparate manner on the basis of

his age.

# VI.
# DAMAGES

30.     Plaintiff pleads that Defendant, and its agents, employees and representatives, have caused Plaintiff grievous harm and damages. As a direct and proximate result of their violations of state and federal law, Defendant has caused Plaintiff to suffer lost past and future wages. Plaintiff is entitled to pecuniary damages for lost past and future wages to be determined at inquest.

31.     Plaintiff pleads that Defendant has caused him to suffer acute mental anguish including, but not limited to, extreme emotional distress and mental pain, intense feelings of depression, low self-esteem, humiliation, belittlement, shame, nausea, loss of sleep and appetite. Plaintiff will, in all likelihood and for the balance of his life, continue to suffer mental anguish. As such, Plaintiff is entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

32.     Plaintiff pleads that Defendant violated Plaintiff's civil rights with malice or reckless indifference to her federally protected rights. As such, Plaintiff is entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

33.     Plaintiff was forced to secure the undersigned counsel to protect her civil rights and, therefore, requests an award of attorney's fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final trial on the merits, she recover judgment against Defendant, said judgment entitling Plaintiff to:

1.  Compensation for all reasonable damages suffered by Plaintiff, including, but not limited to, past and future wages and other compensation, in an amount to be determined upon inquest;

2.  Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

4. All costs of court expended in this lawsuit;

5. Reasonable and necessary attorney's fees;

6. A mandatory injunction reinstating Plaintiff's employment and employment benefits, retroactive to fees retroactive to the date of Plaintiff's termination.

7. A mandatory injunction forbidding Defendant from violating rights secured by Title I of the Americans With Disabilities Act of 1990;

8. A mandatory injunction forbidding Defendant from violating rights secured by the Family and Medical Leave Act; and

9. Such other and further legal relief, either at law or equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GALE LAW GROUP, PLLC**
711 N. Carancahua St., Suite 514
Corpus Christi, Texas 78401
Mailing Address:
P.O. Box 2591
Corpus Christi, Texas 78403
Phone Number: 361-808-4444
Fax Number: 361-232-4139

By: */s/ Amie Augenstein*
Amie Augenstein
Amie@GaleLawGroup.com
*Attorney-in-Charge for Plaintiff*
Texas Bar No. 24085184
Southern District Bar No. 2236723

*/s/ Christopher J. Gale*
Christopher J. Gale
Chris@GaleLawGroup.com
*Attorney for Plaintiff*
Texas Bar No. 00793766
Southern District Bar No. 27257

**Demand for Jury Trial**

Plaintiff hereby demands trial by jury pursuant to Fed. R. Civ. P. 38(b).